**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Willie Stokes, | : | CIV. ACTION NO. 15-7816 (RMB) |
| Petitioner, | : | |
| v. | : | OPINION |
| State of New Jersey,[1] | : | |
| Respondent. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.  BACKGROUND

Petitioner, a pretrial detainee held in Camden County Correctional Facility, submitted an IFP application and a habeas petition under 28 U.S.C. § 2241, challenging the constitutionality of his confinement. (ECF No. 3.) For the reasons discussed below, the Court will grant Plaintiff's IFP application and dismiss his habeas petition without prejudice.

II. DISCUSSION

---

[1] Pursuant to Rules 1 and 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent in a habeas action challenging a state court judgment is the Warden of the facility where the Petitioner is in custody. Therefore, the proper Respondent in this action is the Warden or Administrator of the Camden County Correctional Facility.

1

Petitioner has established that he is unable to pay the filing fee, and the Court will grant his IFP application, pursuant to 28 U.S.C. § 1915. (ECF No. 3-1.) Petitioner seeks federal court review of his ongoing State court criminal proceedings. In Ground One of the habeas petition, Petitioner alleges he is in custody based on a faulty complaint warrant (Complaint #0427-W-2015-000333, ECF No. 1 at 7-9) because the oath and affirmation in the warrant were not taken in the presence of a judicial officer, in violation of the Fourth and Fifth Amendments of the U.S. Constitution. (ECF No. 3 at 8.) Defense counsel refused to raise this issue in State court, and Petitioner sought relief by filing his own motion to quash on November 17, 2015, and he has not received a response from the Camden County Superior Court. (Id.) In Ground Two of the habeas petition, Petitioner asserts the arrest warrant lacks probable cause because it contains false allegations. (Id.)

As this Court noted in its prior order, (ECF No. 2 at 3) federal courts have "pre-trial habeas corpus jurisdiction," under 28 U.S.C. § 2241, but the Third Circuit Court of Appeals has held that courts should not exercise such jurisdiction unless extraordinary circumstances are present. Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975)). Jurisdiction must be exercised sparingly to prevent "'interference by federal courts in the normal functioning of state

criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46). The district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." Moore, 515 F.3d at 443.

Petitioner, in attempting to exhaust his State court remedies, filed a Notice of Motion to Quash on November 17, 2015, asserting the Superior Court lacked jurisdiction to prosecute him. (ECF No. 3 at 7, ¶12.) Petitioner had not received a response to his motion when the present habeas petition was filed on November 24, 2015. (Id.)

There is no reason to believe the State court will not address Petitioner's claims in his pending motion to quash. Additionally, Petitioner can assert his claims as an affirmative defense at trial in State court and thereafter, on appellate review. See Carasquillo v. Owens, Civil Action No. 15-4600 (JBS), 2015 WL 5164723, at *3 (D.N.J. Sept. 2, 2015) (unlawful arrest claims did not present extraordinary circumstances.) Federal Courts should not interfere in state criminal proceedings absent extraordinary circumstances, and there are no extraordinary circumstances present here because Petitioner has avenues for relief in State court. See Duran, 393 F. App'x at 4-5 (3d Cir. 2010) (allegations of an improper arrest, excessive bail, and improper actions during a probable cause hearing

3

are not so extraordinary as to "qualify ... for pre-trial, pre-exhaustion habeas corpus relief.") After exhausting his State court remedies through one complete round of the State appellate review procedures, if necessary, Petitioner may seek habeas relief under 28 U.S.C. § 2254. See Lines v. Larkin, 208 F.3d 153, 159 (3d. Cir. 2000) ("all claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts.")

III. CONCLUSION

In the accompanying Order filed herewith, the Court will grant Petitioner's IFP application, and dismiss his § 2241 habeas petition without prejudice.

                                  s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **UNITED STATES DISTRICT JUDGE**

Dated: December 3, 2015

4